UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYRA HOPE, et al.,

      Plaintiffs,                              CIV. NO. 14-11497

      v.                                     HON. TERRENCE G. BERG

HEWLETT-PACKARD COMPANY, et al.,

      Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR
CLAIRIFICATION OF SCHEDULING ORDER (DKT. 46)**

      This is a product liability action, arising from a residential fire on May 14, 2011 in Detroit, Michigan (Dkt. 29 ¶ 8).  Plaintiffs allege in their Second Amended Complaint that the fire originated within a HP Pavilion Notebook computer (*Id.* at ¶¶ 8,9).  Defendant Hewlett-Packard Company ("HP") denies that their computer or any of its component parts caused the fire.  HP contends that the fire was caused by failure and arcing of crimps in an extension cord manufactured, sold, and/or distributed by KAB Enterprise Co LTD ("KAB"). KAB is not a party to this action, but has been named by HP as a non-party at fault subject to allocation of fault under Michigan's "fair share liability" statutes and rules (HP's Amended Notice of Non-Party at Fault, Docket Dkt. 28 at ¶ 1).

      HP further contends that the only way the phenomenon alleged by Plaintiffs – involving "violent internal chemical reactions within the batteries" – could have occurred was if: (a) the computer was exposed to an external heat source (i.e. a fire

originating outside of the computer); or (b) the battery cells which were manufactured by Defendant Samsung SDI Co., Ltd. ("SDI") failed. On this premise, HP named SDI as a non-party at fault (Dkt. 28 at ¶ 2). After HP identified SDI as a non-party at fault, Plaintiffs amended their complaint to name SDI as a co-defendant (Dkt 11).

SDI recently filed a motion for summary judgment (Dkt. 39) and a motion for Rule 11 sanctions against Plaintiffs (Dkt. 43). Plaintiffs responded to the motion for summary judgment (Dkt. 42), arguing, essentially, that they cannot properly response to SDI's motion until after expert reports are exchanged.

The parties filed a joint discovery plan on May 22, 2015 (Dkt. 36), in which they agreed to the following dates for expert disclosures – Plaintiffs' expert disclosures by August 28, 2015; Defendants' expert disclosures by November 16, 2015. On May 27, 2015, the Court issued a scheduling order with the following dates – "expert disclosures" by August 28, 2015; "rebuttal expert disclosures" by November 16, 2015. Confusion has arisen between the parties concerning the meaning of the Court's scheduling order. Plaintiffs contend that HP should be required to disclose its expert report on August 28, 2015, at least with respect to HP's theory of liability concerning the SDI battery. HP contends that it cannot prepare its expert report, until Plaintiffs first disclose their overall theory of liability, through Plaintiffs' expert reports.

As a result of this dispute, HP filed a motion for clarification of the scheduling order (Dkt. 46). The Court held a telephonic conference on August 21, 2015. During this conference, the Court directed the parties to confer, and present the Court with a stipulated order setting the schedule in this case on or before August 28, 2015. The parties are still free to do so, and if they do, such a stipulated schedule – if reasonable – will be adopted by the Court. However, in the absence of any such stipulation, HP's motion to clarify the schedule order will be **GRANTED**. If the parties fail to present their own agreed-upon dates, the scheduling order will be modified as follows:

- Plaintiffs' expert disclosures – **August 28, 2015**
- Defendants' expert disclosures – **November 16, 2015**
- Rebuttal expert disclosures – **December 11, 2015**

During the telephonic conference, the issue of SDI's pending motions for summary judgment and for sanctions was raised. It is clear that discovery, and in particular expert discovery, will bear on the question of whether summary judgment is appropriate. Consequently, should Plaintiffs wish to file amended responses to SDI's motion for summary judgment (Dkt. 39) and motion for sanctions (Dkt. 43), Plaintiffs must do so on or before **December 18, 2015**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2015

3

## Certificate of Service

I hereby certify that this Order was electronically submitted on August 21, 2015, using the CM/ECF system, which will send notification to each party.

                                            s/A. Chubb
                                            Case Manager