UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYRA HOPE, et al.,

    Plaintiffs,       CIV. NO. 14-11497

   v.          HON. TERRENCE G. BERG

HEWLETT-PACKARD COMPANY, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT SDI'S MOTION FOR SUMMARY
JUDGMENT (DKT. 39), DENYING DEFENDANT SDI'S MOTION FOR
SANCTIONS (DKT. 43), GRANTING PLAINTIFF'S MOTION TO STRIKE
DEFENDANT HP'S NOTICE OF NON-PARTY FAULT (DKT. 61)
AND DENYING DEFENDANT HP'S MOTION TO STRIKE (DKT. 67)**

   This is a product liability action, arising from a residential fire on May 14, 2011 in Detroit, Michigan (Dkt. 29 ¶ 8).  Presently before the Court is Defendant Samsung SDI Co., Ltd.'s ("SDI") motion for summary judgment (Dkt. 39), SDI's motion for Rule 11 sanctions against Plaintiffs (Dkt. 43), Plaintiffs' motion to strike Defendant Hewlett-Packard Co.'s ("HP") notice of non-party fault directed against SDI (Dkt. 61), and HP's motion to strike SDI's motion for summary judgment or, in the alternative, for leave to file a sur-reply brief (Dkt. 67).  The Court heard oral argument on all four motions on January 13, 2016.[1]  For the reasons explained below, Defendant SDI's motion for summary judgment (Dkt. 39) will be granted;

---

[1] During the hearing, the Court denied SDI's motion for sanctions against Plaintiffs (Dkt. 43).  The Court explained its reasons for doing so on the record.  In brief, Plaintiffs had a good faith basis to bring SDI into this litigation, based upon HP's contention that a defect in SDI's batteries might have been a cause of the fire.

SDI's motion for sanctions against Plaintiffs (DKT. 43) will be denied; Plaintiffs' motion to strike HP's notice of non-party fault against SDI (Dkt. 61) will be granted; and HP's motion to strike SDI's motion for summary judgment (Dkt. 67) will be denied.

## MATERIAL FACTS AND PROCEDURAL HISTORY

Plaintiffs allege in their Second Amended Complaint that a fire originated within a HP Pavilion Notebook computer owned by Plaintiff Kyra Hope (the "Subject Computer") (Dkt. 29, ¶¶ 8,9). The fire caused extensive damage to Plaintiff Hope's home, and also fatally injured Plaintiff Hope's mother, JoAnna Arnold. *Id.* HP denies that the Subject Computer or any of its component parts caused the fire. HP contends that the fire was caused by failure and arcing of crimps in an extension cord manufactured, sold, or distributed by KAB Enterprise Co LTD ("KAB"). KAB is not a party to this action, but has been named by HP as a non-party at fault subject to allocation of fault under Michigan's "fair share liability" statutes and rules (Dkt. 28 at ¶ 1).

HP further contends that the only way the phenomenon alleged by Plaintiffs, involving "violent internal chemical reactions within the batteries," could have occurred was if: (a) the Subject Computer was exposed to an external heat source (i.e. a fire originating outside of the Subject Computer); or (b) the battery cells ("the LI-ION cells"), which were manufactured by SDI, somehow failed. On this second premise, HP named SDI as a non-party at fault (Dkt. 28 at ¶ 2). After HP identified SDI as a non-party at fault, Plaintiffs amended their Complaint to name SDI as a

co-defendant (Dkt 29).[2]  Plaintiffs did not elect to add KAB as a co-defendant to this case.

On July 21, 2015, SDI filed a motion for summary judgment (Dkt. 39). Twenty-one days later (on August 11, 2015), SDI filed a motion for Rule 11 sanctions against Plaintiffs, premised upon SDI's contention that Plaintiffs did not have a good faith basis to bring SDI into this case as a defendant (Dkt. 43).  Both Plaintiffs and HP responded to SDI's motion for summary judgment (Dkts. 42 & 44).  Both initially argued that summary judgment was premature, as the parties had yet to exchange any expert disclosures concerning the cause and origin of the fire.[3]  Specifically, HP argued in its initial response to SDI's motion for summary judgment as follows:

> HP requires discovery to discover, test, and challenge the theories asserted by Plaintiffs and defenses asserted by SDI. This information is required by HP **in order to establish any fault attributable to SDI** under Michigan's fair share liability system. This information includes Plaintiffs' theories and bases for the allegation that the fire originated within the Subject Computer, **and the potential role of a failure of the LI-ION batteries in the phenomenon alleged by Plaintiffs** (Dkt. 44 at 4) (emphasis added, and citations omitted).
>
> ***
>
> Under Michigan's fair share liability system, HP is entitled to argue for the appropriate apportionment of fault to its co-defendant SDI. At this juncture, however, HP has not had the benefit of any discovery to determine whether such allocation would be warranted in light of the theories espoused by

---

[2] Plaintiffs' Second Amended Complaint asserted claims of breach of implied warranty (Count V) and negligence (Count VIII) against SDI (Dkt. 29).

[3] Under the terms of the Court's scheduling order, Plaintiff's expert disclosures were due on August 28, 2015, and Defendants' expert disclosures were due on November 16, 2015 (Dkt. 50).

Plaintiffs. For example, if Plaintiffs' expert opines or testifies consistent with the Second Amended Complaint, i.e. that the fire originated from the Subject Computer and was the result of "violent internal chemical reactions within the batteries," then there is a question of fact as to the cause of those "violent internal chemical reactions" and whether a failure by the LI-ION may have caused this phenomenon. ***HP's position is that this phenomenon would have been caused by a failure with the batteries, and therefore SDI is subject to apportionment of fault, and a corresponding reduction of fault for HP*** (Dkt. 44 at 7) (emphasis added).

In other words, HP urged the Court to refrain from ruling on SDI's motion for summary judgment until after expert disclosures, which HP anticipated would attribute fault to SDI by identifying some defect in the LI-ION batteries that was a proximate cause of the fire.

The Court granted the request of Plaintiffs and HP, and postponed any hearing on SDI's motion for summary judgment until after expert disclosures were exchanged. In particular, the Court ruled that "[i]t is clear that discovery, and in particular expert discovery, will bear on the question of whether summary judgment [in SDI's favor] is appropriate" (Dkt. 50 at 3). The Court further indicated that Plaintiffs and HP would be permitted to file amended responses to SDI's motion for summary judgment, after expert disclosures were exchanged. Both Plaintiffs and HP filed amended responses (Dkts. 60 & 62), with their expert reports attached thereto.

The Court has reviewed the expert reports that the parties have exchanged. Crucially, none of these reports identifies any defect in the SDI-manufactured LI-ION batteries as being a proximate cause of the fire. Plaintiffs' expert attributes the fire to several possible causes originating with the HP computer, including: (1)

4

obstructed air vents; (2) a clogged heat sink; (3) an obstructed CPU fan; (4) a failed CPU fan; (5) a failed sleep/hibernation mode; (6) failure of the CPU internal thermal control designed to shut the system down if the processor reaches 100 degrees Celsius; and (7) a degraded thermal transfer compound which loses its ability to transfer heat from the CPU to the heat sink. Plaintiff's expert opines that the design of the HP laptop is defective (Dkt. 62, Ex. B, Expert Report of Peter Avery). In other words, Plaintiffs' expert contends that defects in the laptop computer made by HP caused the fire. Notably, Plaintiffs' expert does not opine that the LI-ION batteries were in any way defective. Indeed, Plaintiffs have never maintained in this case that SDI's batteries were defective.

HP's experts also opine that the LI-ION batteries were not the cause of the fire (Dkt. 62, Ex. B, Expert Report of SEL, Inc.). HP's experts primarily contend that the fire was caused by the KAB extension cord. The closest HP's experts come to suggesting any blame should be placed on the LI-ION batteries is the following statement:

> Plaintiffs allegation of a battery pack suffering a catastrophic failure, thermal runaway venting and ignition of battery gases, ***this is not an assertion of a notebook computer defect but an assertion of a defect in the battery pack and or battery cells***. The speculation of excessive heat generated by the notebook computer is not supported by the any testing; the recalls referenced by the plaintiffs' experts and ***the discussion on the catastrophic failure of the battery pack is <u>suggestive</u> of a defect in the battery pack and/or battery cells and not a defect in the notebook computer***. At this time, the Plaintiffs are actually presenting a battery pack and/or battery defect claim (Dkt. 62, Ex. B at 26-27) (emphasis added).

This paragraph is not the expert's opinion regarding the batteries' role in the cause of the fire, but is rather the expert's attempt to divine the meaning of Plaintiff's allegations. This statement by HP's expert is immaterial to the question of whether any proof has been adduced that creates a question of material fact as to SDI's batteries having any defect which caused the fire.

The Court notes that HP has designated its expert report as a "preliminary" expert, but HP does not cite any order from this Court allowing such a designation. The Court's scheduling order, as it currently stands, set the cut-off for Defendants' expert reports on November 16, 2015, and a cut-off for rebuttal expert reports of December 11, 2015 (Dkt. 50). Both dates have now passed. The Court acknowledges that HP requested an extension of the scheduling order (Dkt. 56), however the Court has not yet granted that request, instead indicating that the question of an extension would be addressed after SDI's motion for summary judgment was adjudicated. Based on the parties' representations to the Court in the teleconferences that resulted in postponing argument on SDI's summary judgment motion until after expert reports had been exchanged, the Court and the parties anticipated that the expert reports would either: (a) offer opinion that some defect in the LI-ION batteries had a role in causing the fire, in which case SDI would not be entitled to summary judgment; or (b) offer opinion that did not identify any defect in the LI-ION batteries that played a part in causing the fire, in which case SDI would be entitled to summary judgment. The latter occurred, and SDI's motion for summary judgment is now ripe for adjudication.

## ANALYSIS

### A.  The Standard for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  A fact is material only if it might affect the outcome of the case under the governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.  The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law.  *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

7

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

### B. There is No Genuine Issue of Material Fact as to Whether SDI's Batteries Had Any Defect that Caused the Fire.

At this stage of the case, every party agrees that there is no genuine issue of material fact that a defect in SDI's batteries was a proximate cause of the fire. Indeed, Plaintiffs explicitly conceded this point during oral argument on January 13, 2016. The only opposition to SDI's motion for summary judgment came from HP, as HP would like to maintain its non-party fault claim against SDI. As a result, HP does not oppose SDI's dismissal from the case at this time, so long as such a dismissal is without prejudice. In other words, HP believes that future discovery in this case might indicate that SDI's battery was somehow defective, and if so, HP wants to maintain the right to bring SDI back into the case at some later date. Unfortunately for HP's trial strategy, however, that is not how summary judgment works. SDI brought a motion for summary judgment, arguing that there was no genuine issue of material fact that its LI-ION batteries were defective. The onus then shifted to Plaintiffs, as well as HP, to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.

8

Plaintiffs and HP were specifically afforded the opportunity to do just that and they have not done so.

HP successfully argued to postpone any decision on SDI's motion for summary judgment, so that HP could review Plaintiffs' expert report and prepare its own expert report in the hopes of pinning some blame on SDI. Now HP is essentially asking the Court to kick the can down the road again in the hopes that some future disclosure may identify a defect in SDI's batteries. No one contends that, at present, there is any genuine issue of material fact on the question of whether SDI's batteries were defective. HP only contends that there may be such a question in the future. Having considered the parties' arguments, the Court finds no reason to further delay a decision on SDI's motion for summary judgment. The parties were given an opportunity to exchange expert reports before the Court ruled on SDI's motion. No expert witness determined that there was any defect in SDI's batteries. Accordingly, there is no genuine issue of material fact that SDI breached any implied warranty, or that SDI acted negligently. Therefore, SDI's motion for summary judgment is **GRANTED**.

C. **The Notice of Non-Party Fault Must Be Stricken.**

The Court now considers the impact of granting summary judgment to SDI on HP's notice of non-party fault. HP filed the notice of non-party fault against SDI under Mich. Comp. Laws §§ 600.2957 and 600.2959, which are provisions of the Michigan Tort Reform Act (MTRA). The MTRA provides that, "in an action based on

tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint." Mich. Comp. Laws § 600.2956. It further provides that, "the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault." Mich. Comp. Laws § 600.2957. The MTRA further states that "the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6206 or 6206a, as applicable." Mich. Comp. Laws § 600.2959.  Mich. Comp. Laws § 600.6304(8) defines "fault" to include:

> [A]n act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.

Having found that there is no genuine issue of material fact that SDI breached any warranty or duty to Plaintiffs, it follows that the apportionment of SDI's fault in this case would be zero.  In other words, the Court has ruled as a matter of law that no jury could reasonably find, based on the evidence submitted in response to SDI's motion for summary judgment, that SDI has any "fault" in causing the fire. Accordingly, Plaintiffs' motion to strike HP's notice of non-party fault against SDI is **GRANTED**.

The Michigan Supreme Court recently affirmed a trial court's striking of a notice of non-party fault under similar, although not identical, circumstances.

In a common law negligence action, before a plaintiff's fault can be compared with that of the defendant, it obviously must first be determined that the defendant was negligent. It is fundamental tort law that before a defendant can be found to have been negligent, it must first be determined that the defendant owed a legal duty to the plaintiff. **The same calculus applies to negligent actors under the comparative fault statutes**. A common-law negligence claim requires proof of (1) duty; (2) breach of that duty; (3) causation, both cause in fact and proximate causation; and (4) damages. Therefore, under Michigan law, a legal duty is a threshold requirement before there can be any consideration of whether a person was negligent by breaching that duty and causing injury to another. Thus, when the Legislature refers to the common-law term "proximate cause" in the comparative fault statutes, it is clear that for claims based on negligence it must first be determined that the [person] owed a legal duty to the plaintiff. Additionally, MCL 600.6304(8) includes in the definition of fault "a breach of a legal duty ... that is a proximate cause of damage sustained by a party." Before there can be "a breach of a legal duty," there must be a legal duty. Without owing a duty to the injured party, the "negligent" actor could not have proximately caused the injury and could not be at "fault" for purposes of the comparative fault statutes.

*Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 21-22, 762 N.W.2d 911, 913-14 (2009) (emphasis added, and internal citation omitted). Likewise, in *Jones v. Enertel, Inc.*, 254 Mich. App. 432, 433, 656 N.W.2d 870, 871 (2002) the Michigan Court of Appeals affirmed a trial court's denying the defendant's motion to name a non-party at fault, where that non-party owed no duty to the plaintiff.

*Romain* and *Jones* are premised on factual situations where non-parties owed no duty to the plaintiffs. In this case, by contrast, no party disputes that SDI owed Plaintiffs a duty not to sell defective batteries. However, in granting summary judgment to SDI, I find that there is no genuine issue of material fact that SDI breached any duty to Plaintiffs, or that SDI's alleged negligence was a proximate cause of the fire. HP, and Plaintiffs for that matter, were given an opportunity to

11

come forward with some evidence indicating that a defect in the LI-ION battery was a proximate cause of the fire.  Both have failed to do so.

The notice of non-party fault is intended to apportion fair shares of liability among defendants who share some degree of fault.  The expert reports before the Court unanimously conclude that SDI's batteries were not at fault.  To allow HP's notice of non-party at fault to stand would allow HP to argue to the jury that SDI should bear some of the fault for the injuries in this case when the evidence – including HP's own expert report – shows that SDI had none.  Therefore, the notice of non-party fault will be stricken.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant SDI's motion for summary judgment (Dkt. 39) is **GRANTED**, SDI's motion for sanctions against Plaintiffs (DKT. 43) is **DENIED**, Plaintiffs' motion to strike HP's notice of non-party fault against SDI (Dkt. 61) is **GRANTED**, and HP's motion to strike SDI's motion for summary judgment (Dkt. 67) is **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2016

## <u>Certificate of Service</u>

I hereby certify that this Order was electronically submitted on January 25, 2016, using the CM/ECF system, which will send notification to each party.


s/A. Chubb_____
Case Manager