UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYRA HOPE, et al.,

                 Plaintiffs,                                 CIV. NO. 14-11497

       v.                                     HON. TERRENCE G. BERG

HEWLETT-PACKARD COMPANY, et al.,

                 Defendants.

_____/

## ORDER DENYING DEFENDANT HP'S
## MOTION FOR RECONSIDERATION (DKT. 73)

      This matter is before the court on Defendant Hewlett-Packard, Company's ("HP") motion for reconsideration (Dkt. 73) of the Court's January 25, 2016 order (Dkt. 71) granting Defendant Samsung SDI, Co., Ltd.'s ("SDI") motion for summary judgment (Dkt. 39), denying SDI's motion for sanctions (Dkt. 43) and granting Plaintiffs' motion to strike HP's notice of non-party fault against SDI (Dkt. 61). Because HP has failed to identify a palpable defect in the Court's January 25, 2016 order (Dkt. 71), the motion for reconsideration (Dkt. 73) will be **DENIED**.

      The Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect misled the parties and the Court; and (2) correcting the defect would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s]

the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

HP's motion for reconsideration essentially repackages the arguments made in HP's prior briefs, seeking to convince the Court it was mistaken in not accepting HP's view of the case. In particular, HP again argues that it was improper for the Court to grant SDI's motion for summary judgment without allowing HP to conduct additional discovery. The Court already carefully explained its reasons for concluding that SDI was entitled to summary judgment at this stage of the litigation. Because HP identifies no palpable defect in the Court's order, the motion for reconsideration is not well taken and must be denied.

One argument in HP's motion for reconsideration that was not raised in its previous briefing or during the hearing on SDI's motion for summary judgment, deserves closer scrutiny. Specifically, HP contends that the Court erred in relying on unsworn expert reports in granting summary judgment to SDI. HP maintains that these reports are inadmissible hearsay, and cites two Sixth Circuit cases holding that unsworn expert reports may not be relied upon by the Court to decide a summary judgment motion. *See Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 480-81 & 488 (6th Cir. 2008) (Expert's report was unsworn letter and the district court erred in considering it in deciding summary judgment motion); *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006) ("[T]he…[expert] Report is unsworn and thus is hearsay, which may not be considered on a motion for summary judgment").

Having carefully considered this argument, the Court concludes it is not well-taken for several reasons.

First, since *Sigler* and *Pack* were decided, Rule 56 has been substantially amended and revised, and subdivision (e) of the former Rule 56 – which governed the admissibility of evidence for purposes of summary judgment and on which *Sigler* and *Pack* relied – has been largely omitted.  *See* Fed. R. Civ. P. 56 advisory committee notes, 2010 amendments, subdivision (c) ("Subdivision (c) is new…. Subdivision (c)(4) carries forward some of the provisions of former subdivision (e)(1). Other provisions are relocated or omitted").  Rule 56 governs the procedure by which the Court must review objections to the admissibility of evidence presented in connection with a motion for summary judgment.  In some respects, the 2010 amendment to Rule 56 worked a sea change in summary judgment practice and introduced flexible procedures in place of hard and fast rules.  Former Rule 56(e) contained an unequivocal direction that documents presented in connection with a summary judgment motion must be authenticated:

> If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  Fed. R. Civ. P. 56(e)(1) (2009 version).

Relying on this language, the Sixth Circuit routinely held that unauthenticated documents could not be used to support a motion for summary judgment.  *See, e.g., Moore v. Holbrook*, 2 F.3d 697, 698–99 (6th Cir. 1993).  As recently as 2009, the Sixth Circuit stated that unauthenticated documents do not meet the requirements

of Rule 56(e) and must be disregarded.  *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009).

These authorities must be read carefully, however, in light of the 2010 amendments to Rule 56, which eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated.  As amended, Rule 56 allows a party making or opposing a summary judgment motion to cite to materials in the record including, among other things, "depositions, documents, electronically stored information, affidavits or declarations" and the like.  Fed. R. Civ. P. 56(c)(1)(A).  If the opposing party believes that such materials "cannot be presented in a form that would be admissible in evidence," that party should lodge an objection in its summary judgment briefing.  Fed. R. Civ. P. 56(c)(2).  Significantly, the objection contemplated by the current version of Rule 56 is not that the material "has not" been submitted in admissible form, but that it "cannot" be.  The comments to the 2010 amendments make it clear that the drafters intended to make summary judgment practice conform to procedures at trial.  "The objection functions much as an objection at trial, adjusted for the pretrial setting.  The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.  There is no need to make a separate motion to strike."  Fed. R. Civ. P. 56 (2010 Advisory Committee Notes).  Revised Rule 56 therefore clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent "an opportunity to properly support

4

or address the fact," if the court finds the objection meritorious. Fed. R. Civ. P. 56(e)(1). Thus, the amendment replaces a clear, bright-line rule ("all documents must be authenticated") with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent, and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial.

In this case, all parties were advised that the summary judgment issue for SDI would be decided based on whether any party could produce an expert report showing that defects in SDI's batteries played any role in causing the fire in question. All parties submitted their expert reports, and HP never objected, nor did any party, that the expert reports were inadmissible hearsay before the Court ruled on SDI's motion for summary judgment. HP raises this objection for the first time in its motion for reconsideration, *after* the Court granted SDI's motion for summary judgment. The Sixth Circuit has held that "[i]f a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, **any objections to the district court's consideration of such materials are deemed to have been waived**, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Interestingly, *Wiley* presented the same procedural scenario as the present case – a party objected to summary judgment evidence in a motion for reconsideration, after the district court had already granted summary judgment. The Sixth Circuit held that the

failure to object in the initial briefing operated as a waiver of any objection, even under the previous "bright-line" version of Rule 56.  Many courts addressing this issue are in accord with this approach.  *See, e.g., In re GOE Lima, LLC*, No. 08–35508, 2012 WL 4468520 *1 n. 1 (Bankr. N.D. Ohio Sept. 25, 2012) (considering unauthenticated documents where the other side did not object); *Powers v. Chase Bankcard Serv., Inc.*, No. 2:10–cv–332, 2012 WL 1021704 *9 n. 3 (S.D. Ohio Mar. 26, 2012) ("Chase, however, has not objected to the consideration of this evidence based on the fact that it is not sworn and any such objection is now waived"); *Thomas & King, Inc. v. Jaramillo*, No. 08–191, 2009 WL 649073 *3 (E.D. Ky. Mar. 10, 2009) ("Evidence not meeting the requirements of Rule 56(e) 'may be considered by the district court unless the opposing party affirmatively raises the issue [of] the defect'") (quoting *Bennett v. Univ. Hospitals of Cleveland*, 981 F.Supp. 1065 (N.D. Ohio 1997))); *In re Appalachian Finishing Works*, 244 B.R. 771, 773 n. 2 (Bankr. E.D. Tenn. 2000) (considering improperly unauthenticated documents because the other side did not object to them); *Bellamy v. Roadway Express, Inc.*, 668 F.Supp. 615, 623 n .5 (N.D. Ohio 1987) (considering improper documents where there was no objection); *see also Jackim v. Sam's East, Inc.*, 378 Fed. App'x 556, 564 (6th Cir. 2010) (noting that a party waives evidentiary objections to summary judgment materials by not raising them to the trial court); *In re Batie*, 995 F.2d 85, 89 (6th Cir. 1993) (noting that even though the district court should not rely on unauthenticated documents, the lack of objection renders the error unreviewable). Thus, HP's failure to object to the admissibility of the expert reports prior to ruling

on SDI's motion for summary judgment operates as a waiver of any such objection now.

Finally, SDI and Plaintiffs filed declarations and affidavits from their experts swearing to the contents of their report (Dkts. 74, 75, 76, 77, 78). HP declined to have its expert file a similar affidavit. The affidavits affirming the contents of each expert's report cure any technical deficiencies associated with the submission of the original, unsworn reports. *See, e.g., Gordon v. Caruso*, No. 1:06–cv–571, 2010 WL 882855, *2 (W.D. Mich. Mar. 9, 2010) (permitting moving party to supplement summary judgment motion with affidavit from expert witness that "affirms the contents of the expert report"); *In re Iron Workers Local 25 Pension Fund*, No. 04-CV-40243, 2011 WL 1256657 *12 (E.D. Mich. Mar. 31, 2011) (same); *see also Harnden v. Jayco, Inc.*, 496 F.3d 579, 583 (6th Cir. 2007) (noting possibility of remanding matter for the submission of sworn expert report, but declining to do so finding consideration of unsworn report on summary judgment was harmless error). Therefore, SDI and Plaintiffs have presented admissible evidence indicating that there is no genuine issue of material fact that a defect in SDI's batteries contributed to causing the fire. The burden then shifted to HP to come forward with evidence showing a genuine issue of material fact that SDI's were somehow defective and contributed to the fire.[1] HP has completely failed to do so.

---

[1] As explained in the Court's order granting SDI's motion for summary judgment (Dkt. 71), but worth repeating here, HP's experts also concluded that SDI's batteries were not defective.

For all these reasons, HP's motion for reconsideration (Dkt. 73) is not well-taken, and is therefore **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  March 3, 2016


**<u>Certificate of Service</u>**

I hereby certify that this Order was electronically submitted on March 3, 2016, using the CM/ECF system, which will send notification to each party.


s/A. Chubb
Case Manager

8